IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. SAMUELSON, #1578950, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0299-P-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

**I.  BACKGROUND**

On May 7, 2009, Petitioner pled guilty to one count of placement of serial number with intent to change identification, and two counts of theft, and was sentenced to an enhanced eight-year term of imprisonment to run concurrent with a Missouri state conviction. *State v. Samuelson*, No. F43449 (249th Jud. Dist. Ct., Johnson Cty., 2009). Subsequently, the Texas Court of Criminal Appeals (TCCA) granted habeas relief, concluding the original plea agreement, which provided for the concurrent sentence, was unenforceable and Petitioner was entitled to withdraw his plea. *Ex parte Samuelson*, No. AP-76,280, 2010 WL 360437 (Tex. Crim. App. Jan. 27, 2010). In June 2010, Petitioner pled guilty to the same three counts in exchange for a non-concurrent eight-year sentence, without enhancement, and the trial court issued a new judgment of conviction. Then, Petitioner unsuccessfully sought state habeas relief. *Ex parte Samuelson*, Nos. WR-72,732-04 and -06 (Tex. Crim. App. Sep. 8 and Oct. 20, 2010) (denying

relief); *Ex parte Samuelson*, No. WR-72,732-08 (Tex. Crim. App. Jun. 8, 2011) (dismissing state application as non-complying).[1]

In the four grounds raised in this timely federal petition, Petitioner asserts (1) the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), erred in admitting him back to the system after his 2010 conviction, in effect treating him as if incarcerated for the 2009 voided convictions, in violation of his due process rights; and (2) counsel rendered ineffective assistance. (Doc. 3 at 7-8). Respondent argues the first issue lacks merit and the second is unexhausted and procedurally barred. (Doc. 22). Petitioner objects and renews his request for an evidentiary hearing. (Doc. 25, 26, 28).[2]

## II. ANALYSIS

### A. Unexhausted and Procedurally-Barred Claim (Claim 3)

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See*

---

[1] SHCR-04, SHCR-06, and SHCR-08, followed by the page number, refer to the State Habeas Clerk's Record in writ numbers WR-72,732-04 (Event ID 2421779), WR-72,732-06 (Event ID2421779), and WR-72,732-08 (Even ID 2447374). The 2009 and 2010 judgments are available at SHCR-04 at 12, 19, and SHCR-06 at 13, 20, respectively.

[2] Contrary to Petitioner's assertion, Respondent timely filed its May 3, 2012, response after being granted an extension to do so. (Doc. 17, 20, 25 at 1-2). Petitioner is correct, however, that *In re Samuelson*, No. 11-10999, slip. op. at 1-2 (5th Cir. Dec. 29, 2011) (unpublished per curiam), renders moot Respondent's argument that the petition is successive. (Doc. 25 at 4-5). There, the United States Court of Appeals for the Fifth Circuit held that, because the district court did not notify Petitioner "of the effect that the characterization of his application would have on subsequent section 2254 applications that challenged the June 2010 convictions," Petitioner's prior petition could not be considered to have become a section 2254 petition, for purposes of applying the "'second or successive' restrictions," and, thus, his motion for leave to file was unnecessary. *In re Samuelson*, No. 11-10999, slip. op. at 1-2 (5th Cir. 2012) (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)).

28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice.  *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Respondent correctly notes that Petitioner did not adequately exhaust his ineffective assistance of counsel (IAC) claims raised in the third ground - namely that counsel refused (a) to compel TDCJ-CID to incarcerate Petitioner for the 2010 conviction as required by the plea agreement, and (2) to withdraw Petitioner's guilty plea when TDCJ-CID did not do so.  (Doc. 3 at 7).  A review of the state habeas court record confirms Petitioner did not fairly present the above grounds in his initial state habeas applications and, consequently, they remain unexhausted.  *See* SHCR-04 at 28-3; SHCR-06 at 32-33.

While Petitioner raised IAC in a subsequent state application, that application was dismissed as noncompliant with Texas Rule of Appellate Procedure 73.1.  *See* SHCR-08 at 31, 36, 39 and at "Action Taken" sheet.[3]  Thus, Petitioner's IAC claims were not properly presented to the highest court in Texas, and his failure to exhaust constitutes a procedural default that bars

---

[3] Petitioner's memorandum, which detailed his allegations of ineffective assistance of counsel, is not included in the state court record.

this Court from considering his claims. *Morris*, 413 F.3d at 491-92.

As noted above, Petitioner may overcome a procedural bar by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, Petitioner has not made that showing. (Doc. 25 at 18-21).[4] It is apparent from review of the record that Petitioner had the opportunity to raise all the claims he presents here in his initial state writs, and simply failed to do so. As a result, his IAC claims are procedurally barred from federal habeas review. *Ries*, 522 F.3d at 523-24.

**B.     Remaining Claims Lack Merit**

Habeas corpus relief is precluded unless the state court's adjudication on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act. Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

---

[4] Petitioner's supplemental reply (Doc. 26) does not address procedural default.

<u>Improperly Admitted/Categorized by TDCJ-CID, and
Incarcerated Under Voided Conviction (Claims 1, 2, 4)</u>

Petitioner asserts that TDCJ-CID is treating him as if he is incarcerated for the May 2009 voided conviction instead of the June 2010 conviction. (Doc. 3 7-8, 12). He submits that TDCJ-CID has incarcerated him under the same inmate number and downgraded line class from the 2009 conviction, rather than admitting him as a new prisoner with a Line Class I status under the 2010 conviction. *Id.* at 12-13. According to Petitioner, TDCJ's refusal to admit him as a new prisoner constitutes incarceration for the earlier, voided conviction. *Id.* at 14. He states that the downgraded line status, which was caused by a disciplinary violation while Petitioner was incarcerated for the voided conviction, renders him ineligible for parole. *Id.* at 12-13.

Petitioner raised these claims in his state habeas applications. *See* SHCR-04 at 28-32; SHCR-06 at 32-33. Finding no controverted, previously unresolved issues of fact material to the legality of his confinement, the trial court recommended that the applications be denied and the CCA denied the applications without written order. *See* SHCR-04 at 55 and "Action Taken" sheet; SHCR-06 at 70 and "Action Taken" sheet.

Petitioner has not shown that the state court's decision rejecting his claims was either contrary to, or involved an unreasonable application of clearly established federal law. He asserts that TDCJ-CID reused his inmate number and time calculation, including the demoted line class, from the 2009 voided conviction, denying him the opportunity to have the 2010 conviction processed without adverse consequences from the 2009 disciplinary violation. (Doc. 26 at 3-4). Understandably, Petitioner would like to avoid the unfavorable effect of his prior disciplinary violation on his classification status, so that he could be considered for mandatory

supervised release or parole. However, his allegations fail to present a cognizable federal constitutional claim. Reductions in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000) (prisoners do not have a protected liberty interest in prison custodial classification or good-time earning status, and the effect of a change in a prisoner's good-time-earning status on the timing of his release on mandatory supervision is too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status).

In any event, the record establishes that in 2010, Petitioner pled guilty to the *same* three counts, in the *same* criminal case, and received the *same* eight-year sentence (without enhancement and concurrent sentence) that he had been given in 2009. TDCJ-CID records confirm that the begin date, projected mandatory release date, and maximum expiration date of the 2010 conviction are the *same* as that of the 2009 conviction. *See* SHCR-06 at 24-26, Affidavit of Charley Valdez, Program Supervisor II, Classification and Records, TDCJ-CID. Consequently, Petitioner has not been prejudiced by the continued assignment of the inmate number and corresponding time-earning status attached to his previous conviction. His repeated assertions that he is serving a "new" conviction and sentence, and that it is improper to punish him for conduct and demoted line class, which accrued before he received the "new" sentence, are unpersuasive. Accordingly, Petitioner's first, second, and fourth claims fail.

C.  **Evidentiary Hearing Not Required**

Petitioner requests an evidentiary hearing. (Doc. 23, 28, 32). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, claims 1, 2, and 4 concern only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be **DENIED** on the merits.

SIGNED November 13, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE